UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ADAM C. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 14-2177 |
| | ) | |
| MACON COUNTY AUDITOR'S OFFICE, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

## CASE MANAGEMENT ORDER

This cause is before the court for case management and consideration of the plaintiff's motion for leave to file his fourth amended complaint. The plaintiff filed an original complaint pursuant to 42 U.S.C.§1983, but immediately filed a motion to amend his complaint. The motion was granted, but the court dismissed the amended complaint after review pursuant to 28 U.S.C. §1915A.

First, the plaintiff has not identified proper defendants. For instance, the plaintiff sued jail which is a building and not an individual amenable to suit. The plaintiff listed government entities, but had not articulated any official capacity claim. He also named judges and prosecutors as defendants, but they were entitled to absolute immunity from the articulated claims. Second, the plaintiff had not clearly stated how any of the named defendants were responsible for his claims. Third, the plaintiff was attempting to bring unrelated claims against different defendants in the same lawsuit. Therefore, the plaintiff's second amended complaint was dismissed as a violation of Rules 18 and 20 of the Federal Rules of Civil Procedure. The plaintiff was allowed one opportunity to amend

1

his complaint. *See* September 19, 2014 Merit Review Opinion. The plaintiff was admonished if he continued to file unrelated claims against different defendants, the court would consider the claims in the order they were presented. "For instance, if the first allegation fails to state a claim for which relief can be granted and is unrelated to all other claims, the entire lawsuit will be dismissed." September 19, 2014 Merit Review Opinion, p. 2.

The plaintiff responded by filing a confusing array of documents including two motions for an extension of time and two motions for leave to file a third amended complaint. The court denied the motions, allowed the plaintiff additional time to file an amended complaint and provided the plaintiff with another copy of it's September 19, 2014 Merit Review Order.

The plaintiff has now filed his motion for leave to file his fourth and final amended complaint.[31]. The motion is granted. [31] The court is still required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff has ignored the court's previous order and has again named the Macon County Jail and the Sheriff's Department as defendants. The court will dismiss both. The plaintiff has also identified other defendants including Correctional Officer

Corey Malone, Sergeant Reynolds, Lieutenant Antonio Brown and Sheriff Thomas Schneider.

The plaintiff says on July 25, 2012, he noticed mail was missing from his property box. Since the plaintiff claims officers are the only ones who have direct access to his box, he assumed an officer stole his mail. The plaintiff spoke to Defendant Reynolds who said he would investigate, but also told the plaintiff officers have a right to go through an inmate's mail.

The plaintiff then sent many complaints to Defendant Brown, but the officer never came to speak with the plaintiff. Later that same day, Officer Malonie told the plaintiff to come out of his cell for a shakedown. The plaintiff refused unless Lieutenant Brown first came to speak with him. After another request for plaintiff to exit his cell, the plaintiff admits he told the officer he was going to sit in his cell and refuse to move until Brown appeared. Officer Malonie threatened to use a taser if the plaintiff did not follow his command to exit his cell, but the plaintiff still refused. The plaintiff says Officer Malonie then used the taser against him. The plaintiff was then handcuffed and escorted out of his cell. The plaintiff says his constitutional rights were violated because he was not physically aggressive with the officer when he used the taser.

The plaintiff is mistaken. The plaintiff does not have a constitutional right, nor any right, to demand to see a higher ranking officer, nor does he have the right to refuse a command to come out of his cell. Defendant Malonie warned the plaintiff he would use a taser if the plaintiff did not comply with his commands, but the plaintiff still refused. The Seventh Circuit has recognized that "[i]nmates cannot be permitted to decide which

3

orders they will obey, and when they will obey them." *Soto v Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984). When an inmate repeatedly refuses to follow an order, there are limited options available to correctional officers and "some means must be used to compel compliance…."*Id*. The plaintiff has failed to state a claim upon which relief can be granted.

The plaintiff next alleges from January 10, 2014 through September 9, 2014, he was forced to live in a one man cell with another inmate. The plaintiff says he sent many complaints to unidentified individuals, but no one responded. The plaintiff's second claim is unrelated to his first allegation against Defendant Malonie. Even if the claims were related, the plaintiff has not articulated a constitutional violation based on his housing. Overcrowded conditions, in and of themselves, do not violate the Constitution. In *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), the Supreme Court concluded that the practice of housing two inmates in a cell designed for one does not amount to the "unnecessary and wanton infliction of pain" that violates the Eighth Amendment. *Id.* at 346. *See also Hubbard v. Taylor,* 538 F.3d 229 (3d Cir.2008) (triple-celling of pretrial detainees in single-man cells was rationally related to managing overcrowded prison, and requiring detainees to sleep on mattresses on the floor was not a constitutional violation); *Strickler v. Waters,* 989 F.2d 1375, 1382 (4th Cir.1993) (double or triple celling is not *per se* unconstitutional) (quoting *Williams v. Griffin,* 952 F.2d 820, 824–25 (4th Cir.1991)); *McCree v. Sherrod,* 408 F. App'x 990, 992–93 (7th Cir.2011) (a floor space limitation of approximately 35 square feet per inmate does not by itself

amount to cruel and unusual punishment). Therefore, the plaintiff's complaint is dismissed.

IT IS THEREFORE ORDERED that:

The plaintiff's motion for leave to file a fourth amended complaint is granted. [31]

1) The amended complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2) This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

3) The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of the plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P.

24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 14th day of November, 2014.

/s/Harold A. Baker
_____
HAROLD A. BAKER
United States District Judge